**Ralph R. GARROW and Eunice Garrow, Petitioners,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 20330.**

United States Court of Appeals
Ninth Circuit.

Nov. 14, 1966.

Alvin R. Wohl, Wareham Seaman, Sacramento, Cal., for petitioners.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, William A. Friedlander, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before CECIL,* KOELSCH, and ELY, Circuit Judges.

PER CURIAM.

Petitioners, husband and wife, invoke the jurisdiction conferred upon us by 26 U.S.C. § 7482 to review a determination of the Tax Court of the United States. The findings of fact and opinion of the court below are reported at 43 T.C. 890.

In 1961 the petitioning husband, hereinafter called taxpayer, was the sole owner of all the outstanding stock of Diablo Development Co., a California corporation. The corporation adopted a plan of complete liquidation providing for a dis-

* Lester L. Cecil, of the Sixth Circuit, sitting by designation.

tribution in cancellation or redemption of all its stock. The transfer of its assets pursuant to the liquidation plan was to be accomplished entirely within the month of June, 1961. By executing the proper form on June 8, 1961, the taxpayer elected to have the gain realized on the surrender of his stock recognized and taxed in accordance with section 333, Internal Revenue Code of 1954.

The assets received by the taxpayer in the liquidation included notes receivable, accounts receivable, and a claim for refund of federal income tax, with respective face values of $9473.16, $10,817.40, and $2310.13. During 1961 the taxpayer collected approximately 85% of the face amount of notes receivable, 97% of the face amount of accounts receivable, and all of the claim for tax refund, but he reported no income attributable to those collections in his income tax return for that year. The Commissioner assessed a deficiency of $6427.35 for the taxable year 1961, based upon his determination that the taxpayer had received ordinary income of almost $15,000 from those collections, that being the excess of the amounts collected over the bases attributed to those items. His calculations were founded upon an allocation of the basis computed under section 334(c) of the Internal Revenue Code pursuant to a regulation [1] which provides that allocation of basis among the assets received in a section 333 liquidation is to be made in proportion to their net fair market values.

The taxpayer contends that a portion of the section 334(c) basis, equal to the book values or face amounts of the receivables and the tax refund claim in the hands of the corporation, should first be assigned to those assets and that the remainder of the basis should then be allocated to the other assets received in the liquidation in proportion to their net fair market values. In the alternative, he contends that the

section 334(c) basis of all of the assets received in the liquidation should be allocated in proportion to their book values in the hands of the corporation. Finally, the taxpayer argues that if he is required to recognize any gain attributable to the collections during 1961, it should be treated as a long-term capital gain, not as ordinary income.

Our study convinces us that the Tax Court properly rejected these contentions. Upon the reasoning of the Tax Court, its decision is

Affirmed.

---

1. The regulation, in pertinent part, provides:

"The amount thus arrived at [the basis under section 333] should be allocated to the various assets received on the basis of their net fair market values * * *." Treas.Reg. § 1.334-2 (1955).